IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| NORCON, INC., <br><br> Plaintiff, <br><br> v. <br><br> STANLEY CONSULTANTS, INC., <br><br> Defendant. | Case No. 3AN-13-53644 CI <br><br> **COMPLAINT** |

Plaintiff Norcon, Inc. ("Plaintiff" or "Norcon"), by and through its counsel, alleges as follows:

## I. PARTIES

1. Plaintiff Norcon is a construction management company providing mechanical and electrical construction services. Norcon is a corporation organized and existing under the laws of the State of Alaska, having its principal place of business at 949 East 36th Avenue, Suite 143, Anchorage, AK 99508.

2. Upon information and belief, Defendant Stanley Consultants is a corporation organized and existing under the laws of the State of Iowa, having its principal place of business at 8000 South Chester Street, Suite 500, Centennial, CO 80112. Stanley is a registered corporation in the State of Alaska.

## II. JURISDICTION AND VENUE

3. This Court has original jurisdiction over the subject matter of this action pursuant to Alaska Stat. § 22.10.020.

COMPLAINT FOR NEGLIGENCE, BREACH OF IMPLIED
WARRANTIES, AND NEGLIGENT
MISREPRESENTATION – 1

REEVES AMODIO LLC
500 L Street, Suite 300
Anchorage, Alaska 99501
Tel (907) 222-7100
Fax (907) 222-7199

4. This Court has personal jurisdiction over the Defendant pursuant to Alaska Stat. § 09.05.015(a)(1) because Stanley is a registered Alaska corporation. This Court has personal jurisdiction over the Defendant pursuant to Alaska Stat. § 09.05.015(a)(4) because Stanley produced design documents that were used in Alaska in the ordinary course of trade. Additionally, this Court has personal jurisdiction over the Defendant pursuant to Alaska Stat. § 09.05.015(a)(5) because, on information and belief, Stanley entered into an agreement with Alaska Electric and Energy Cooperative, Inc. to provide engineering services for an Alaska project and to perform services in Alaska.

5. Venue is proper in this judicial district under Alaska Rule of Civil Procedure 3(e).

### III. FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

6. In January 2011, Alaska Electric and Energy Cooperative, Inc., ("AEEC" or "Owner") solicited fixed price bids from contractors for construction and modification of the Nikiski Combined Cycle Conversion Project ("Project"), a power plant located in Kenai, Alaska.

7. On information and belief, Stanley had a contract with AEEC to provide engineering services including, but not limited to, design drawings and specifications for the construction of the Project.

8. In connection with this contract, Stanley developed and provided engineering and design documents for the Project that were intended for use by Norcon, were provided to Norcon, and were used by Norcon to construct the Project. On information and belief, at all times relevant to the allegations in this complaint, Stanley had personnel dedicated to work on the Project and who were either stationed at the Project site at various times every month or made themselves available at the Project.

9. Stanley holds itself out as a global engineering service provider with experience and expertise in power plant design.

COMPLAINT FOR NEGLIGENCE, BREACH OF IMPLIED
WARRANTIES, AND NEGLIGENT
MISREPRESENTATION – 2

REEVES AMODIO LLC
500 L Street, Suite 300
Anchorage, Alaska 99501
Tel (907) 222-7100
Fax (907) 222-7199

Case 3:13-cv-00053-RRB   Document 1-1   Filed 03/18/13   Page 2 of 8   Exhibit A
Page 2 of 8

10. On January 4, 2011, AEEC provided to interested bidders, including Norcon, a bid package consisting of 740 drawings and written project specifications prepared by Stanley. The drawings were represented to be at least 90% complete when the bid package was released.

11. Norcon formulated and submitted its bid to AEEC based on the engineering and design drawings and specifications for the Project prepared by Stanley. Norcon was awarded the contract for construction of the Project in the amount of approximately $35,000,000.00. In addition, Norcon agreed to the contract based on the belief that the Project design was essentially complete, that the design documents prepared by Stanley accurately described the design of the Project, and on the belief that changes in the work during the Project would be minimal.

12. Since April 2011, Stanley, by and through AEEC, has issued over 2000 new and revised engineering and design drawings. These drawings have affected nearly all aspects of the Project and have included material alterations to the initial Project design.

13. The engineering and design drawings issued by Stanley were intended to be relied upon by Norcon in its construction of the Project. The engineering and design drawings contained the legend "Issued for Construction" and were stamped with the certification of an Alaska-licensed Registered Professional Engineer employed by Stanley.

14. Since April 2011, and during the performance of the work referred to in the contract with AEEC, Norcon discovered that material portions of the design drawings and information prepared by Stanley were negligently prepared, containing both errors and material omissions. The defective portions of the design drawings and information include, but are not limited to, the following:

    1) Errors and omissions in the drawings and specifications of the building foundation for the Steam Turbine Generator.

    2) Errors and omissions in the drawings and specifications of the Steam Turbine Generator anchor bolts.

COMPLAINT FOR NEGLIGENCE, BREACH OF IMPLIED
WARRANTIES, AND NEGLIGENT
MISREPRESENTATION – 3

REEVES AMODIO LLC
500 L Street, Suite 300
Anchorage, Alaska 99501
Tel (907) 222-7100
Fax (907) 222-7199

Case 3:13-cv-00053-RRB   Document 1-1   Filed 03/18/13   Page 3 of 8   Exhibit A
Page 3 of 8

3) Errors and omissions in the wire and cable drawings and specifications.

4) Errors and omissions in the drawings and specifications detailing the piping and electrical features between the Steam Turbine Generator and the Air Cooled Condenser.

5) Errors and omissions in the location and description of material portions of the equipment necessary for construction of the waste water treatment system.

6) Errors and omissions in the drawings and specifications of the transformer foundations.

7) Errors and omissions in piping and instrumentation diagrams.

15. As a result of these defective drawings, Norcon experienced disruption and acceleration costs arising from errors and inaccuracies in the Project design, as well as the failure of AEEC and Stanley to provide prompt answers and clarification regarding design issues. Norcon has had to perform extensive and unanticipated remedial work and has incurred significant and unanticipated costs. The costs incurred by Norcon as a result of defective drawings include, but are not limited to, costs associated with (i) identifying and remediating the errors in design documents, (ii) performing work associated with changed design documents, (iii) administering the changes in the work as a result of revised design documents, (iv) procurement of equipment and supplies associated with changed design documents, and (v) delays, disruption and acceleration due to revisions in the design documents and unanticipated work.

16. A number of the errors and inaccuracies in the design documents created avoidable and unnecessary hazards and/or dangerous conditions that created an unacceptable risk of both future personal injury and/or property damages. For example:

1) Errors in the design and load calculations for the Steam Turbine Generator building foundation created a significant risk of failure and collapse due to insufficient structural support.

COMPLAINT FOR NEGLIGENCE, BREACH OF IMPLIED
WARRANTIES, AND NEGLIGENT
MISREPRESENTATION – 4

REEVES AMODIO LLC
500 L Street, Suite 300
Anchorage, Alaska 99501
Tel (907) 222-7100
Fax (907) 222-7199

Case 3:13-cv-00053-RRB   Document 1-1   Filed 03/18/13   Page 4 of 8   Exhibit A
Page 4 of 8

2) Errors and omissions in the engineering and design of connections to vendor-supplied equipment created a risk of failure and damage to property.

3) Incomplete design of high-pressure piping and high-voltage electrical systems has created a risk of failure and consequential property damage during testing and startup.

4) Incomplete engineering and design of the structural supports for the piping and electrical runs created a significant risk of failure and collapse during installation and until such supports were reinforced.

5) Errors in the engineering and design of portions of the perimeter fence created erosion, destruction, and collapse of adjacent earth berms while work was ongoing nearby.

17. As a result of these errors and omissions, the safety and planned operation of the Project have been jeopardized and Norcon personnel have been subjected to unnecessary hazards.

## IV. NEGLIGENCE

18. Plaintiff repeats and realleges the foregoing paragraphs 1 through 17 above as if fully set forth herein.

19. Stanley owed a duty to Norcon to perform its design and engineering services according to the standards, and with the degree of care, which generally prevailed in the engineering profession during the period covered by its work on the Project.

20. Stanley knew or should have known that, among others, the construction contractor, here Norcon, would rely upon the information set forth in the engineering and design drawings and specifications that Stanley prepared for, among other purposes, formulating its bid amount and performing the tasks required for construction of the Project.

21. The design and engineering services provided by Stanley in connection with the Project were performed negligently and carelessly because, as detailed above, they: (i) were not

COMPLAINT FOR NEGLIGENCE, BREACH OF IMPLIED
WARRANTIES, AND NEGLIGENT
MISREPRESENTATION – 5

REEVES AMODIO LLC
500 L Street, Suite 300
Anchorage, Alaska 99501
Tel (907) 222-7100
Fax (907) 222-7199

Case 3:13-cv-00053-RRB   Document 1-1   Filed 03/18/13   Page 5 of 8  Exhibit A
Page 5 of 8

performed with the degree of skill and care commonly applied by and expected from other engineering firms under similar circumstances, (ii) were not performed with the degree of skill and care that Stanley held itself out as possessing; and (iii) were not performed with the degree of skill and care called for by Stanley's own internal policies and procedures.

22. Stanley's negligence includes, but is not limited to: (i) the manner in which it performed its design and engineering services in connection with the Project; (ii) the opinions given and direction provided regarding construction of the Project; and (iii) its failure to identify known and material mistakes in the engineering and design drawings and specifications issued for use by the construction contractor.

23. As a direct and proximate result of Stanley's negligence, Norcon has suffered and continues to suffer substantial economic harm and damages and is entitled to recover from Stanley those damages in an amount to be proven at trial.

## V. NEGLIGENT MISREPRESENTATION

24. Plaintiff repeats and realleges the foregoing paragraphs 1 through 17 above as if fully set forth herein.

25. Stanley owed a duty to Norcon to exercise reasonable care when it issued engineering and design documents with the legend "Issued for Construction" and stamped with the certification of an Alaska-licensed Registered Professional Engineer that were intended for use on the Project.

26. Stanley knew or should have known that, among others, the construction contractor, here Norcon, would rely upon the information set forth in the engineering and design drawings and specifications that Stanley prepared for, among other purposes, formulating its bid amount and performing the tasks required for construction of the Project.

COMPLAINT FOR NEGLIGENCE, BREACH OF IMPLIED WARRANTIES, AND NEGLIGENT MISREPRESENTATION – 6

REEVES AMODIO LLC
500 L Street, Suite 300
Anchorage, Alaska 99501
Tel (907) 222-7100
Fax (907) 222-7199

Case 3:13-cv-00053-RRB   Document 1-1   Filed 03/18/13   Page 6 of 8   Exhibit A
Page 6 of 8

27. Stanley failed to exercise reasonable care when it transmitted design and engineering documents that were intended for use in construction of the Project because the design and engineering documents contained material errors and omissions.

28. Norcon justifiably relied on the "Issued for Construction" documents prepared by Stanley in constructing the Project.

29. As a direct and proximate result of Stanley's negligent misrepresentations, Norcon has suffered and continues to suffer substantial harm and is entitled to recover from Stanley damages in an amount to be proven at trial.

## VI. BREACH OF IMPLIED WARRANTY

30. Plaintiff repeats and realleges the foregoing paragraphs 1 through 17 above as if fully set forth herein.

31. By virtue of the aforementioned acts of Stanley, Stanley has breached its implied warranty of adequacy and suitability of its design and engineering drawings and specifications. Stanley impliedly warranted that the design and engineering drawings and specifications that it prepared were suitable for execution and construction.

32. The drawings and specifications prepared by Stanley were defective, thus rendering numerous unanticipated changes and costs necessary.

33. As a direct and proximate result of the aforementioned acts of Stanley, Norcon has suffered and continues to suffer substantial harm and is entitled to recover from Stanley damages in an amount to be proven at trial.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against the Defendant as follows:

34. For damages in an amount exceeding $100,000.00 according to proof to be determined at trial;

35. For interest according to law;

COMPLAINT FOR NEGLIGENCE, BREACH OF IMPLIED
WARRANTIES, AND NEGLIGENT
MISREPRESENTATION – 7

REEVES AMODIO LLC
500 L Street, Suite 300
Anchorage, Alaska 99501
Tel (907) 222-7100
Fax (907) 222-7199

Case 3:13-cv-00053-RRB   Document 1-1   Filed 03/18/13   Page 7 of 8   Exhibit A
Page 7 of 8

36. For Plaintiff's reasonable attorney's fees incurred herein;

37. For Plaintiff's costs of suit herein; and

38. For such other and further relief as the Court may deem just and proper.

DATED this 20th day of February, 2013.

REEVES AMODIO LLC,
Co-Counsel for Plaintiff Norcon, Inc.

_____
Thomas P. Amodio
ABA No. 8511142
500 L Street, Suite 300
Anchorage, Alaska 99501
(907) 222-7100 Phone
(206) 222-7199 Fax
tom@reevesamodio.com

CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP[1]
Co-counsel for Plaintiff Norcon, Inc.

_____
William F. Cronin
Todd T. Williams
1001 Fourth Avenue, Suite 3900
Seattle, WA 98154-1051
(206) 625-8600 Phone
(206) 625-0900 Fax
wcronin@corrcronin.com
twilliams@corrcronin.com

---

[1] Mr. Cronin and Mr. Williams are in the process of preparing a Motion to Appear and Participate in this proceeding pursuant to Alaska R. Civ. P. 81(a)(2), and expect to have it filed shortly.

COMPLAINT FOR NEGLIGENCE, BREACH OF IMPLIED WARRANTIES, AND NEGLIGENT MISREPRESENTATION – 8

**REEVES AMODIO LLC**
500 L Street, Suite 300
Anchorage, Alaska 99501
Tel (907) 222-7100
Fax (907) 222-7199